U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 06-03475

ORDER ON STIPULATION FOR ASSUMPTION OF PERSONAL PROPERTY LEASE

The relief set forth on the following pages, for a total of 5 pages including this page, is hereby ORDERED.

---

**FILED BY THE COURT**
**01/26/2007**



US Bankruptcy Court Judge
District of South Carolina

Entered: 01/30/2007

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 06-03475-D |
| Walter C. Rogers | ) | |
| | ) | ORDER |
| Debtor. | ) | |
| | ) | |

THIS MATTER is before the Court on Stipulation for Assumption of the Lease Agreement between Debtor and Cab East, LLC ("Cab East" or "Lessor") regarding a lease agreement for a 2004 Ford F-150 pickup truck. Counsel for the Cab East and the debtor's attorney stipulated to the entry of an order approving the assumption of the lease agreement by the debtor under the terms of a Lease Assumption Agreement which was attached to the stipulation. The stipulation also provides "[t]he Debtor agrees to comply with the terms and conditions of the Lease Agreement and waive the effect, if any, the discharge under 11 U.S.C. § 524(a) has as to the assumed Lease Agreement." The Lease Assumption Agreement is pursuant to 11 U.S.C. § 365(p)[1] and is signed by the debtor and "accepted" by the attorney for the Lessor. It provides that the Debtor will make the monthly lease payments (averred not in default) and incorporates the Lease Agreement by reference. It also provides "I further agree to be bound by all the terms and conditions of the Lease including but not limited to any and all liability for excess mileage, excess wear and use, and any other amounts required by the Lease. I agree to obtain an order from the Bankruptcy Court assuming the lease as my/our personal obligation and agree that any protections afforded under 11 U.S.C. 524(a) do not apply to this Lease". The stipulation and agreement were accompanied by a proposed order approving the assumption as a personal liability of the

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, will be by section number only. References to the Federal Rules of Bankruptcy Procedure will be by rule number only.

Debtor and recognizing the Debtor's waiver of discharge as to the assumed lease.  The matter was set for hearing.

This is a matter of first impression for the Court.  One other opinion, *In re Finch*, 2006 WL 3900111 (Bankr. D. Colo.), has been located.

Section 365(p) was added to the Bankruptcy Code by the Section 309(b) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.  It provides:

> (p)(1) If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated.
> (2)(A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
> (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.
> (C) The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.
> (3) In a case under chapter 11 in which the debtor is an individual and in a case under chapter 13, if the debtor is the lessee with respect to personal property and the lease is not assumed in the plan confirmed by the court, the lease is deemed rejected as of the conclusion of the hearing on confirmation. If the lease is rejected, the stay under section 362 and any stay under section 1301 is automatically terminated with respect to the property subject to the lease.

§ 365(p).  Section 365(p) was added to the Bankruptcy Code to clarify that the automatic stay terminates upon rejection of a personal property lease and in response to the pre-Reform Act cases[2] that held that a chapter 7 debtor could not assume a lease.

---

[2] *See In re Scott,* 260 B.R. 375, 379 fn.4 (Bankr. D. S.C. 2001).

Unlike the trustee's actions with respect to contracts and leases pursuant to § 365(a)[3], the procedure for assumption of a personal property lease by a chapter 7 debtor does not include provision for a hearing nor does it seem "to require or contemplate judicial approval of the agreement of the parties by way of an Order authorizing same or otherwise." *Finch* (Slip op p.1). The statute simply requires communication between the lessor and the debtor and a writing to memorialize the assumption. The lessor is given safe-harbor from §§ 362 and 524(a)(2) to notify the debtor and negotiate a cure. The debtor assumes liability under the lease upon his written notification to lessor of assumption. § 365(p)(2)(B).

This assumption of liability may not necessarily lead to an exception from discharge of the liability since § 524 has not been amended to make reference to new § 365(p)(2). One treatise states the matter this way: "If the debtor then assumes the lease, the liability under the lease will be assumed by the debtor and not the estate. However, because there is no reaffirmation of the lease debt, it is not entirely clear what this means. Personal liability on the lease will ordinarily be discharged if the chapter 7 discharge is entered, presumably even if the lease is assumed." 1-15 *Collier Consumer Bankruptcy Practice Guide* ¶ 15.04[8]. Regardless, the issue is not properly before me on a stipulation. If the debtor seeks reaffirmation of his debt with Cab East or otherwise desires to waive his discharge with respect to the lease, one proper procedure may be pursuant to §524(c). While this requires a second step in the negotiation between the parties to the lease, it also does not require action by the court – at least in the circumstances here, where the debtor is represented by counsel and counsel is willing to make the representations set forth in § 524(c)(3), as he stated at the hearing.

---

[3] " . . . [T]he trustee, subject to court approval, may assume or reject any executory contract or unexpired lease of the debtor."  § 365(a).  See also F. R. Bankr. P. 6006(a) designating these proceedings contested matters.

The lease assumption pursuant to § 365(p), absent some other request on proper pleading, does not require court approval. The issue of discharge is not properly before me. AND IT IS SO ORDERED.